## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Martha Knotts,**
**Plaintiff Below, Petitioner**

**FILED**

August 28, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0752** (Taylor County 12-C-66)

**Grafton City Hospital,**
**Defendant Below, Respondent**


### MEMORANDUM DECISION


Petitioner Martha Knotts, by counsel Allan N. Karlin and Jane Peak, appeals the Circuit Court of Taylor County's July 8, 2014, order granting respondent summary judgment and dismissing petitioner's claims for wrongful termination. Respondent, by counsel Mario R. Bordogna and Julia A. Arbore, filed a response, to which petitioner submitted a reply. Additionally, the Court acknowledges the filing of amicus curiae briefs by the United Mine Workers of America, West Virginia Employment Lawyers Association and the American Association of Retired Persons (AARP).

This Court has considered the briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner began working as a housekeeper for respondent in 2005.[1] On April 2, 2012, petitioner and a fellow housekeeper were working near the emergency department at respondent's hospital facility when a nurse's aide brought a patient to the emergency department from the adjoining clinic. Petitioner recognized the patient and asked her, "[A]re you okay? . . . [W]hat's the problem?" A nurse in respondent's emergency department was standing nearby and overheard petitioner's inquiries to the patient. The nurse admonished petitioner for making inquiries to the patient regarding the patient's health condition. Because petitioner was not involved in patient care, soliciting protected health information from patients at respondent's facility was a violation of respondent's confidentiality policy.[2]

---

[1] Petitioner was 58 years old when she was hired by respondent.

[2] Respondent's personnel policy 1-109.1 on confidentiality of patient information states, in part, that "[a]s an employee, your job may allow you access to medical records or other pertinent patient information considered to be confidential. You must not discuss patients or their (continued. . .)

1

The nurse then escorted the patient into the emergency department. Thereafter, petitioner saw the patient's teenage son in the public hallway of respondent's hospital facility, and, with another housekeeper nearby, asked the boy about his mother's medical condition. This second communication was overheard by the same nurse. Just afterward, this nurse overheard petitioner ask a member of the emergency medical service personnel, "[W]hat are you doing? . . . [W]here are you going, boy?" as the EMS technician was transporting a patient from respondent's facility. The nurse memorialized her observations of these three incidents in a formal incident report, dated April 3, 2013.

In response to the incident report, respondent's director of patient safety and quality began an investigation, including an interview of the reporting nurse and a nurse's aide present during the incidents. The reporting nurse advised respondent's director of patient safety and quality that she had spoken with petitioner in the past about soliciting protected health information inappropriately from patients, and had, at that time, directed petitioner to stop such inquires.[3] As a part of its investigation, respondent also considered petitioner's training related to patient confidentiality, and determined that petitioner received multiple trainings on patient confidentiality and the Health Insurance Portability and Accountability Act ("HIPPA") within the year prior to the incidents.[4]

Ultimately, respondent's director of patient safety and quality recommended that petitioner's employment be terminated because of her flagrant and repetitive violations of respondent's confidentiality policy.[5] Thereafter, a meeting was held between respondent's

---

visitors with anyone outside or inside the Hospital, other than in the course of the patient's care and treatment."

[3]Within the year prior to the April 2, 2012, incidents, petitioner came to respondent's emergency department stating that her daughter had just advised her about an accident she learned of "on the scanner." Petitioner wanted to know if the people injured in that accident were being treated at respondent's facility. Petitioner was admonished by the reporting nurse for her improper inquiry. Further, approximately six months before the April 2, 2012, incidents petitioner saw someone she recognized in respondent's clinic and openly asked that person why he/she was there. The nurse reported this incident to respondent's clinic staff and advised them to discipline petitioner.

[4]Petitioner additionally acknowledged signing a confidentiality statement at the inception of her employment wherein she pledged, under the penalty of termination, not to talk about or discuss any events of patient care with anyone – unless in the line of treatment. Further, during her deposition, petitioner admitted she had previously read respondent's personnel policy 1-109.1 and understood that she should not discuss patient care issues unless she was involved in the provision of medical treatment.

[5]Respondent's personnel policy 4-401.1 states, in part, that immediate termination of employment is warranted for violations of state or federal laws.

2

administrator, human resources manager, and housekeeping supervisor to discuss petitioner's employment, and, on April 3, 2012, petitioner's employment with respondent was terminated.

On August 31, 2012, petitioner filed the instant lawsuit against respondent, asserting a single claim for age discrimination under the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 through -21. After the close of discovery, on February 28, 2014, respondent filed a motion for summary judgment, asserting that there existed no genuine issue of material fact, and it was entitled to judgment as a matter of law as petitioner was unable to establish a prima facie case of age discrimination. Respondent argued that even if petitioner did establish such a claim, that respondent had a legitimate, non-discriminatory reason for petitioner's termination, and petitioner had insufficient evidence to establish that respondent's legitimate, non-discriminatory reason for her discharge was a pretext.

By order dated May 7, 2014, the circuit court advised that it would grant respondent's motion for summary judgment and instructed respondent to submit an order to that effect.[6] On July 8, 2014, the circuit court entered its findings of fact, conclusions of law, and order granting respondent's motion for summary judgment. It is from the July 8, 2014, order granting respondent's motion for summary judgment that petitioner now appeals.

On appeal, petitioner asserts three assignments of error. First, petitioner contends that the circuit court erred in finding that evidence that petitioner was replaced by an employee of who was substantially younger than her (but over the age of 40) was insufficient, as a matter of law, to demonstrate petitioner's prima facie case of age discrimination against respondent. Second, petitioner asserts that the circuit court erred in concluding that evidence that petitioner was treated less favorably than other employees who were substantially younger than her (but over the age of 40) was insufficient to establish petitioner's prime facie case of age discrimination against respondent. In her third assignment of error, petitioner argues that the circuit court erred in finding that petitioner had not presented sufficient evidence that respondent's purported legitimate nondiscriminatory reason for termination was a pretext.

We review a circuit court's entry of summary judgment *de novo*. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). In *Wilkinson v. Searls*, 155 W.Va. 475, 184 S.E.2d 735 (1971), we held that a motion for summary judgment should be granted "if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law." Syl. Pt. 5, in part, *id*.

---

[6]Petitioner filed a motion to alter or amend judgment on May 7, 2014, contending that she had additional evidence of pretext. In early May of 2014, petitioner became aware of a video posted by respondent to its internet site depicting a number of respondent's employees and some residents of respondent's long term care facility. Petitioner argued that the video was evidence that the reasons cited for her employment termination were a pretext. By order entered July 8, 2014, the circuit court denied petitioner's motion to alter or amend, finding that the video was not relevant to petitioner's claims.

We have previously ruled that

> [i]n an action to redress unlawful discriminatory practices in employment . . . the burden is upon the complainant to prove by a preponderance of the evidence a prima facie case of discrimination[.] If the complainant is successful in creating this rebuttable presumption of discrimination, the burden then shifts to the respondent to offer some legitimate and nondiscriminatory reason for the rejection. Should the respondent succeed in rebutting the presumption of discrimination, then the complainant has the opportunity to prove by a preponderance of the evidence that the reasons offered by the respondent were merely a pretext for the unlawful discrimination.

Syl. Pt. 2, *Young v. Bellofram Corp*, 227 W.Va. 53, 705 S.E.2d 560 (2010) (citing Syl. Pt. 3, in part, *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983)).

In order to establish a prima facie case of employment discrimination under the West Virginia Human Rights Act,[7]

> the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class[;] (2) That the employer made an adverse decision concerning the plaintiff[; and] (3) But for the plaintiff's protected status, the adverse decision would not have been made.

Syl. Pt. 3, *Young*, 227 W.Va. at 55, 705 S.E.2d at 562 (citing Syl. Pt. 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986)).

In the instant case, the parties do not dispute that petitioner is a member of the protected age class (over the age of forty) or that her termination was an adverse employment decision. Thus, in order to successfully establish her age discrimination claim, petitioner had only to establish that but for her age, her employment would not have been terminated. In granting respondent's motion for summary judgment, the circuit court ruled that petitioner was unable to make such a showing.

In her first assignment of error, petitioner contends that the circuit court erred in finding that petitioner's showing that she was replaced by an employee who was substantially younger than her, though over the age of forty, was insufficient to establish a prima facie case of age

---

[7]The West Virginia Human Rights Act is codified at West Virginia Code §§ 5-11-1 through -21. West Virginia Code § 5-11-2 declares, in part, that it is the public policy of the State of West Virginia to "provide all of its citizens equal opportunity for employment." This section further states that "[e]qual opportunity in the areas of employment . . . is hereby declared to be a human right or civil right of all persons without regard to age . . ." W.Va. Code § 5-11-3(k) defines the term age, as "forty or above."

discrimination. Petitioner cites *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307 (1996), in which the United States Supreme Court rejected the application of an over 40/under 40 test in favor of a substantially younger test in an age discrimination case arising under the Americans with Disability Act. Petitioner argues that this Court should follow suit and overturn the over 40/under 40 test articulated in *Conaway*, and adopt the substantially younger test created in *O'Connor*. Respondent asserts that the circuit court properly applied the law articulated by this Court in *Conaway*, and that there existed adequate support in the underlying record to support the circuit court's granting of summary judgment to respondent. We agree.

We have long held that "[a]n appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law." Syl. Pt. 2, *Dailey v. Bechtel*, 157 W.Va. 1023, 207 S.E.2d 169 (1974). In *Adkins v. St. Francis Hospital*, 149 W.Va. 705, 718, 143 S.E.2d 154, 162, we discussed the principle of stare decisis, and noted that

> [s]tare decisis is not a rule of law but is a matter of judicial policy. . . . It is a policy which promotes certainty, stability and uniformity in the law. It should be deviated from only when urgent reason requires deviation. . . . In the rare case when it clearly is apparent that an error has been made or that the application of an outmoded rule, due to changing conditions, results in injustice, deviation from that policy is warranted.

Based upon our review of the record in this case, we find no error in the circuit court's award of summary judgment to respondent. Petitioner repeatedly, and blatantly, violated respondent's patient confidentiality policy, despite having knowledge of the policy and receiving training on the same.

In her second assignment of error, petitioner contends that the circuit court erred in determining that evidence proffered by petitioner that she was treated less favorably than respondent's other employees who were substantially younger than her, but over the age of 40, was insufficient to establish a prima facie case of age discrimination. In an attempt to satisfy her burden of proof, petitioner relied upon comparator evidence and argued that respondent handled the claims of four other employees differently than it handled petitioner's claims. Petitioner contends that these comparators engaged in more egregious behavior than her, but received more lenient treatment. The circuit court ruled that the actions of one of the comparators referenced by petitioner had nothing to do with a violation of patient privacy or confidentiality, but arose from an unrelated criminal charge. Accordingly, the circuit court determined that individual's comparator evidence was not proper for consideration. As to the remaining comparators, the circuit court, citing *Young*, found that these individuals failed to establish an inference of age discrimination as to respondent's handling of petitioner's claims because each of these

comparators were also members of petitioner's protected class (i.e., they were all age forty or above).[8]

Based upon our review of the record before us, we find no merit to petitioner's argument. Petitioner failed to provide any relevant comparator evidence related to an employee outside of her protected age group. While petitioner again argues for the application of the substantially younger test articulated in *O'Connor*, we decline to overrule existing West Virginia law under the principle of stare decisis. Accordingly, we find no error with the circuit court's award of summary judgment to respondent.

In her final assignment of error, petitioner contends that the circuit court erred in finding that petitioner did not present sufficient evidence that respondent's purported legitimate nondiscriminatory reason for terminating her employment was a pretext. We decline to address petitoner's final assignment of error, as the previous assignments of error are dispositive of the claims at issue herein. In syllabus point five of *Young* we held that

> [w]hen an employee makes a prima facie case of discrimination, the burden shifts to the employer to prove a legitimate nonpretextual, and nonretaliatory reason for the discharge. In rebuttal, the employee can then offer evidence that the employer's proffered reason for the discharge is merely a pretext for the discriminatory act. (Citations omitted).

227 W.Va. at 55, 705 S.E.2d at 562.

In the instant case, consideration of pretext is improper as petitioner did not establish a prima facie case of discrimination.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 28, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[8]In *Young*, we ruled that a co-employee who was over the age of 40, and therefore, also a member of the same protected age class as a plaintiff, was not a proper comparator to provide an inference of age discrimination.

6